`UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  NO. 2:18-CR-145 |
| | ) |
| ERIKA I. LAWSON | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's pro se motion for compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 57]. In support of her motion, defendant states she has been diagnosed with Hepatitis B since arriving at the Bureau of Prisons facility in Bruceton Mills, West Virginia. She submitted a request for compassionate relief to the Warden, but her request was denied. *Id.*

On February 5, 2019, defendant pleaded guilty to conspiracy to distribute 50 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) [Doc. 26]. She was sentenced to 100 months imprisonment followed by five years of supervised release [Doc. 42]. She is scheduled for release from the Bureau of Prisons on July 3, 2025.

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). this section allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." Such motions cannot be entertained

by a district court until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, although defendant submitted a request for compassionate release to the Warden that was denied. she has not appealed the denial. Thus, defendant has not complied with the requirement that she exhaust her administrative remedies with the BOP. The BOP has outlined the administrative appeal process. *See* Program Statement No. 5050.50, *Compassionate release/Reduction in Sentence: Procedures for implementation of 18 U.S.C. § 3582 and 4205(g) (Jan. 17, 2019),* https://www.bop.gov/policy/progstat/5050_050_EN.pdf. The BOP Program Statement explains that a prisoner seeking a compassionate release must first file a request with the warden asking the BOP to move for compassionate release on the prisoner's behalf. *See id.* at 3 (citing 28 C.F.R. § 571.61). If that request is denied, the prisoner must appeal the denial through the BOP's Administrative Remedy Procedure. *See id.* at 15 (citing 28 C.F.R. § 571.63).

Even during the COVID-19 pandemic, the exhaustion requirement of § 3582(c)(1)(A) cannot be summarily disregarded. *See United States v. Alam,* 2020 WL 2845694 (6th Cir. Jun. 2, 2020) ("Because this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate release requests over others), we must enforce it"). Consequently, the Court cannot weigh the

merits of defendant's motion for compassionate release until the exhaustion requirement of § 3582(c)(1)(A) is fully satisfied.

While it sympathizes with defendant's concerns, the Court lacks authority to consider the present motion. Accordingly, defendant's motion for compassionate relief [Doc. 57] is **DENIED without prejudice**.

The Clerk is directed to send a copy of this Memorandum and Order to Erika Lawson, #53690-074, S.F.F. Hazelton, P.O. Box 3000, Bruceton Mills, West Virginia 26525.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**